UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AND KAREN CROWN,

    Plaintiffs,

                                      Case No. 15-cv-10180
                                      HON. GERSHWIN A. DRAIN

v.

PHI AIR MEDICAL, L.L.C.,

    Defendant.

_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES [#14]

**I.    INTRODUCTION**

Presently before the Court is the Plaintiffs, Matthew and Karen Crown's, Motion for Attorney Fees, filed on May 4, 2015.  Defendant, PHI Air Medical, LLC, filed a Response in Opposition on May 18, 2015.  Plaintiffs filed a Reply in support of their present motion on May 21, 2015.  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of the instant motion.  Accordingly, the Court will resolve Plaintiffs' present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).  Upon review of the parties' briefing, the Court will grant in part Plaintiffs' Motion for Attorney Fees.

## II. BACKGROUND

On or about December 11, 2014, Plaintiffs filed a declaratory judgment action in the Lapeer County Circuit Court. Plaintiffs' action seeks a declaration that Defendant's fees associated with the transport of Plaintiffs' son to a hospital after a motorcycle event in March of 2014 are unreasonable, invalid and uncollectible. On January 16, 2015, Defendant removed Plaintiffs' action to this Court arguing that Plaintiffs' claims were preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713 *et seq*. Plaintiffs filed a timely Motion to Remand. The Court granted Plaintiffs' Motion to Remand and remanded the instant action to the state court.

In concluding that removal of this matter was improper, this Court determined that the ADA did not completely preempt Plaintiffs' state law claims. *See* Dkt. No. 12 at 6. Relying on *Musson Theatrical, Inc. v. Modernage Photo Serv., Inc.*, 89 F.3d 1244, 1251-52 (6th Cir. 1996), the Court held that "contrary to PHI's assertion, in this circuit it has been established for nearly twenty years that the ADA does not completely preempt state law claims." This Court further noted that Defendant's argument relied on authority that was inapplicable to the issue of complete preemption and original jurisdiction. *See* Dkt. No. 12 at 7-8.

## III. LAW & ANALYSIS

Plaintiffs presently move for an award of attorney fees arguing that Defendant's

improper removal of this action caused them to incur fees in the amount of $3,864.50. Plaintiffs rely on Local Rule 54.1.2, as well as 28 U.S.C. § 1447(c) in support of their request for attorney fees. Defendant counters that it had an objectively reasonable basis for removing this action and it did not remove the case to improperly prolong litigation.

As an initial matter, Plaintiffs reliance on Local Rule 54.1.2 is misplaced. Local Rule 54.1.2 states that "[a] motion for attorneys' fee and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment." E.D. Mich. L.R. 54.1.2. Both Local Rule 54.1.2 and Rule 54(d)(2) of the Federal Rules of Civil Procedure address requests for attorney fees upon the entry of judgment. No judgment was entered in this matter, thus Plaintiffs cannot rely on Local Rule 54.1.2 in support of their present request for attorney fees.

However, pursuant to 28 U.S.C. § 1447(c), when an action is improperly removed and the district court remands the action, the court has the discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal." *Id.* "The objective reasonableness standard does not require a showing that the defendant's position was 'frivolous' or 'without foundation.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. Jan. 22, 2013) (citing *Martin*, 546 U.S. at 138-39). Objective reasonableness may "depend on the clarity of the law at the time the notice of removal was filed." *Id.*

Conversely, district courts should deny requests for attorney fees when an objectively reasonable basis existed for removing the action even though it later was found to be improper. *Martin*, 546 U.S. at 141. Unusual circumstances warranting departure from awarding attorney fees when removal was not objectively reasonable include "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction . . . ." *Id.*

Defendant maintains that its removal was objectively reasonable because it believed the ADA controlled and preempted Plaintiffs' state law claims so that federal jurisdiction of the case was proper. Defendant argues its good faith basis for asserting this position arises from administrative matters in Maryland in which it presented arguments on the applicability of the ADA. Defendant further argues that this Court's acknowledgment that the ADA may impact some of Plaintiffs' claims in the state court action lends further support for the objective reasonableness of removal.

The Court disagrees with Defendant. In this circuit, the law was well-settled at the time of removal that "the ADA, unlike ERISA, does not channel civil actions into federal courts . . . ." *Musson,* 89 F.3d at 1253 ("[W]e see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against carriers."). Moreover, there is ample authority from the district courts confirming the state of the law in this circuit, specifically that the ADA does not provide federal subject matter jurisdiction over state law claims based on the doctrine of preemption. *See Puterbaugh v. Airtran Airways*, 494 F. Supp.2d 597, 603 (S.D. Ohio 2003); *Denzik v. Reg'l Airport Auth.*, 361F. Supp. 2d 659, 662 (W.D. Ky. 2005). It is also noteworthy that in addition to the Sixth Circuit, the Fifth, the Seventh and the Ninth Circuits have held that the ADA does not provide for complete preemption of state law claims. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179 (9th Cir. 2002); *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997); *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398 (7th Cir. 2001).

Defendant's reliance on an administrative matter that occurred in Maryland that had nothing to do with original jurisdiction for removal purposes does not demonstrate an objectively reasonable basis for removing the instant action. A simple search

would have uncovered the foregoing controlling and persuasive legal authority that confirmed the impropriety of removing the instant action to this Court. Defendant's argument that this Court noted that the ADA may impact some of Plaintiff's claims is of no consequence. Defendant did not adequately research the relevant law prior to removing this action. If it had, it would have realized it was confusing conflict preemption with complete preemption and, therefore the ADA "does not channel civil actions into federal courts . . . ." *Musson,* 89 F.3d at 1253; *Puterbaugh*, 494 F. Supp.2d at 603; *Denzik*, 361 F. Supp. 2d at 662. Contrary to Defendant's argument, removal was "obviously improper" and warrants the award of attorney fees. Def.'s Resp. at 4.

Finally, when a court finds that an award of fees is appropriate, it must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 7 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The court must use the "lodestar" method to determine the appropriate amount of attorney fees. *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005). This method requires a finding of "the proven number of hours reasonably expended on the case by an attorney, multiplied by his [] court-ascertained reasonable hourly rate." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 937 (E.D. Mich. 2005). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that

is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts, are to be excluded. *Id.*

In assessing the "reasonable hourly rate" component of the lodestar method, the district court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Addock-Ladd*, 227 F. 3d at 350.

Here, while Plaintiffs provide their billing records, their records reveal that some of the work is not compensable because it was not "incurred as a result of the removal." 28 U.S.C. § 1447(c). Specifically, Plaintiffs seek attorney fees for "[r]eceipt and review of Answer, Affirmative Defenses and Counterclaim[,]" as well as for "[r]esearch[ing] affirmative defenses to defendant's counter-claim including duress and unconscionability; preparation of answer and affirmative defenses to

counter-claim." Work that was not incurred as a result of the improper removal includes billing entries on January 20, 2015 for $540.00; February 5, 2015 for $135.00; February 9, 2015 for $67.50; and February 12, 2015 for $400.00. This is work that would have been required of Plaintiffs' counsel notwithstanding the improper removal. Moreover, counsel used block billing wherein this work is combined in the same billing record entry with other work that is related to the removal issue. As such, the Court cannot discern how much time was spent on the remand issue and how much time was spent on the matters that were unrelated to Defendant's removal.

Additionally, while unnecessary to this Court's resolution of whether Defendant's removal was objectively reasonable, it is correctly noted by Defendant that the majority of Plaintiffs' Motion to Remand raised the non-meritorious argument that the ADA was inapplicable to this case. To the contrary, as noted by this Court in its Order of Remand, the ADA may be applicable to Plaintiffs' claims, it just does not serve to completely preempt those claims. While Plaintiffs do address the preemption issue in their Reply brief, the vague billing entries do not allow the Court to ascertain the amount of time spent working on the issues that were irrelevant to this Court's decision to remand this matter.

Moreover, Plaintiffs fail to provide any evidence that the hourly billing rate of

$135.00 per hour for Richard Cummins's work is reasonable. "[T]he burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Plaintiffs do not indicate the amount of time that Mr. Cummins has been in practice, thus the Court cannot determine whether $135.00 per hour is a reasonable rate compared with lawyers with the same experience in the relevant community.

For all of the deficiencies the Court has discussed, the Court finds it appropriate to decrease the amount of requested fees by 30%. Accordingly, the Court will award Plaintiffs a total of $2,705.15 in attorney fees for Defendant's improper removal that was not objectively reasonable.

**IV.   CONCLUSION**

Accordingly, Plaintiffs' Motion for Attorney Fees [#14] is GRANTED IN PART. Plaintiffs are awarded a total of $2,705.15 in attorney fees.

SO ORDERED.

Dated:  May 27, 2015            /s/Gershwin A Drain
                                GERSHWIN A. DRAIN
                                UNITED STATES DISTRICT JUDGE